UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., a New York corporation, | |
| Plaintiff, | CASE NO. 6:11-cv-231 |
| vs. | **JURY TRIAL DEMANDED** |
| ALCATEL-LUCENT USA, INC., a Delaware corporation, ALCATEL-LUCENT HOLDINGS, INC., a Delaware corporation, J2 GLOBAL COMMUNICATIONS, INC., a Delaware corporation, MITEL NETWORKS CORPORATION, a Canadian corporation, MITEL NETWORKS, INC., an Arizona corporation, NEC CORPORATION, a Japanese corporation, NEC CORPORATION OF AMERICA, a Delaware corporation, PAETEC COMMUNICATIONS, INC., a Delaware corporation, PAETEC CORP., a Delaware corporation, PAETEC HOLDING CORP., a Delaware corporation, PRIMUS TELECOMMUNICATIONS, INC., a Delaware corporation, PRIMUS TELECOMMUNICATIONS GROUP, INC., a Delaware corporation, SAMSUNG ELECTRONICS CO., LTD, a South Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, SAMSUNG TELECOMMUNICATIONS AMERICA, LLC., a Delaware limited liability company, SHORETEL, INC., a Delaware corporation, SIEMENS ENTERPRISE COMMUNICATIONS, INC., a Delaware corporation, SIEMENS ENTERPRISE COMMUNICATIONS GmbH & Co. KG, a German corporation, TOSHIBA CORPORATION, a Japanese corporation, TOSHIBA AMERICAN INFORMATION SYSTEMS, INC., a California corporation, TOSHIBA AMERICA, INC., a Delaware corporation, WINDSTREAM | |

1

COMMUNICATIONS, INC., a Delaware corporation, WINDSTREAM CORPORATION, a Delaware corporation, XO COMMUNICATIONS, INC., a Delaware corporation, XO COMMUNICATIONS, LLC, a Delaware Limited liability company,

Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Klausner Technologies, Inc. ("Klausner Technologies") sues Defendants Alcatel-Lucent USA, Inc., Alcatel-Lucent Holdings, Inc., J2 Global Communications, Inc., Mitel Networks Corporation, Mitel Networks, Inc., NEC Corporation, NEC Corporation of America, PAETEC Communications, Inc., PAETEC Corp., PAETEC Holding Corp., Primus Telecommunications, Inc., Primus Telecommunications Group, Inc., Samsung Electronics Co., LTD, Samsung Electronics America, Inc., Samsung Telecommunications America, LLC., ShoreTel Inc., Siemens Enterprise Communications, Inc., Siemens Enterprise Communications GmbH & Co. KG, Toshiba Corporation, Toshiba American Information Systems, Inc., Toshiba America, Inc., Windstream Communications, Inc., Windstream Corporation, XO Communications, Inc., XO Communications, LLC. ("Defendants") and on information and belief, alleges as follows:

### Introduction

1. Plaintiff Klausner Technologies owns the inventions described and claimed in United States Patent Nos. 5,572,576 entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" (the "'576 Patent") and 5,283,818 entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" (the "'818 Patent"). Defendants (a) have used and continue to use Plaintiff's patented technology in products that they make, use, sell, and offer to sell, without Plaintiff's permission, and (b) have contributed to or induced, and continue to contribute to or induce, others to infringe the '576 and '818 Patents. Plaintiff Klausner Technologies seeks damages for patent infringements and an

injunction preventing Defendants from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, Plaintiff's patented technology without permission.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §§ 1338(a).

3. Venue is proper in this Court because the Defendants are responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

### Plaintiff Klausner Technologies

4. Plaintiff Klausner Technologies, Inc. is a corporation existing under and by virtue of the laws of the State of New York.

### The '576 Patent

5. The United States Patent and Trademark Office issued the '576 Patent on November 5, 1996. A copy of the '576 Patent is attached as Exhibit A. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '576 Patent.

### The '818 Patent

6. The United States Patent and Trademark Office issued the '818 Patent on February 1, 1994. A copy of the '818 Patent is attached as Exhibit B. Through assignment, Plaintiff is the owner of all right, title, and interest, including rights for damages for past infringements, in the '818 Patent.

### **Defendants**

#### *Alcatel-Lucent*

7. Upon information and belief, Defendant Alcatel-Lucent USA, Inc., is a Delaware corporation, with its principle place of business in Murray Hill, New Jersey.

8. Upon information and belief, Defendant Alcatel-Lucent Holdings, Inc., is a Delaware corporation, with its principal place of business in Plano, Texas.

#### *J2*

9. Upon information and belief, Defendant J2 Global Communications, Inc., is a Delaware corporation, with its principle place of business in Hollywood, California.

#### *Mitel*

10. Upon information and belief, Defendant Mitel Networks Corporation, is a Canadian corporation, with its principle place of business in Ontario, Canada.

11. Upon information and belief, Mitel Networks, Inc., is an Arizona corporation, with its principle place of business in Chandler, Arizona.

#### *NEC*

12. Upon information and belief, NEC Corporation is a Japanese corporation, with its principle place of business in Tokyo, Japan.

13. Upon information and belief, NEC Corporation of America is a Delaware corporation, with its principle palace of business in Irvine, Texas.

### *PAETEC*

14.     Upon information and belief, PAETEC Communications, Inc., is a Delaware corporation, with its principle place of business in Fairport, New York.

15.     Upon information and belief, PAETEC Corp. is a Delaware corporation, with its principle place of business in Fairport, New York.

16.     Upon information and belief, defendant PAETEC Holding Corp. is a Delaware corporation, with its principal place of business in Fairport, New York.

### *Primus*

17.     Upon information and belief, Primus Telecommunications, Inc., is a Delaware corporation, with its principle place of business in McLean, Virginia.

18.     Upon information and belief, Primus Telecommunications Group, Inc. is a Delaware corporation, with its principle place of business in McLean, Virginia.

### *Samsung*

19.     Upon information and belief, Samsung Electronics Co., Ltd. is a South Korean corporation, with its principal place of business in Seoul, South Korea.

20.     Upon information and belief, Samsung Electronics America, Inc. is a New York corporation, with its principal place of business in Ridgefield Park, New Jersey.

21.     Upon information and belief, Samsung Telecommunications America, LLC is a Delaware limited liability company, with its principal palace of business in Richardson, Texas.

### *ShoreTel*

22.     Upon information and belief, ShoreTel, Inc., is a Delaware corporation, with its principle place of business in Sunnyvale, California.

### *Siemens*

23. Upon information and belief, Siemens Enterprise Communications, Inc. is a Delaware corporation, with its principle place of business in Boca Raton, Florida.

24. Upon information and belief, Siemens Enterprise Communications GmbH & Co. KG is a German corporation, with its principal place of business in Munich, Germany.

### *Toshiba*

25. Upon information and belief, Toshiba Corporation is a Japanese corporation, with its principle place of business in Tokyo, Japan.

26. Upon information and belief, Toshiba America, Inc. is a Delaware corporation, with its principal place of business in New York, New York.

27. Upon information and belief, Toshiba American Information Systems, Inc. is a California corporation, with its principal place of business in Irvine, California.

### *Windstream*

28. Upon information and belief, Windstream Communications, Inc., is a Delaware corporation, with its principle place of business in Little Rock, Arkansas.

29. Upon information and belief, Windstream Corporation is a Delaware corporation, with its principal place of business in Little Rock, Arkansas.

### *XO*

30. Upon information and belief XO Communications, Inc., is a Delaware corporation, with its principle place of business in Herndon, Virginia.

31. Upon information and belief, XO Communications, LLC., is a Delaware limited liability company, with its principle place of business in Herndon, Virginia.

### First Claim for Patent Infringement ('576 Patent)
### Against All Defendants

32. Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 31 above.

33. On or about November 5, 1996, the '576 Patent, disclosing and claiming a "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," was duly and legally issued by the United States Patent and Trademark Office.

34. Plaintiff Klausner Technologies is the owner of the '576 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

35. Defendants have infringed, contributed to the infringement, and induced others to infringe the '576 Patent and, unless enjoined, will continue to infringe the '576 Patent by manufacturing, using, selling, offering for sale, or by using the method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods(s) without a license or permission from Plaintiff.

36. Plaintiff has been damaged by Defendants' infringement of the '576 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '576 Patent.

### Second Claim for Patent Infringement ('818 Patent)
### Against All Defendants

37. Plaintiff incorporates by reference each of the allegations in paragraphs 1 through 31 above.

38. On or about February 1, 1994, the '818 Patent, disclosing and claiming a "Telephone Answering Service Linking Displayed Data with Recorded Audio Message," was duly and legally issued by the United States Patent and Trademark Office.

39. Plaintiff Klausner Technologies is the owner of the '818 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

40. Defendants have infringed, contributed to the infringement, and induced others to infringe the '818 Patent and, unless enjoined, will continue to infringe the '818 Patent by manufacturing, using, selling, offering for sale, or by using the method(s) claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods(s) without a license or permission from Plaintiff.

41. Plaintiff has been damaged by Defendants' infringement of the '818 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '818 Patent.

42. Plaintiff demands trial by jury of all issues.

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '576 and '818 Patents;

B. Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '576 and '818 Patents;

C. For costs of suit and attorneys fees;

D. For pre-judgment interest; and

E. For such other relief as justice requires.

Dated: May 10, 2011                                         Respectfully submitted,


By: /s/ Calvin Capshaw

S. Calvin Capshaw, III
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
D. Jeffrey Rambin
State Bar No. 00791478
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Gregory S. Dovel
State Bar No. 135387
Sean A. Luner
State Bar No. 165443
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069
Email:  greg@dovellaw.com

ATTORNEYS FOR PLAINTIFF,
KLAUSNER TECHNOLOGIES, INC.